# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BRAD STEVEN MILLER,

        Plaintiff,

v.                                                    Case No. 10-CV-383

STATE OF WISCONSIN DEPARTMENT OF CORRECTIONS,
WISCONSIN DEPARTMENT OF CORRECTIONS
BUREAU OF HEALTH SERVICES,
WILLIAM GROSSHANS, and MARTY ORDINANS,

        Defendants.

_____

# ORDER

On May 4, 2010, the *pro se* plaintiff, Brad Steven Miller ("Miller"), filed a complaint against the defendants alleging several civil rights violations that occurred while he was detained in state prison. (Docket #1). A little over a month later, the defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the plaintiff had failed to state a claim upon which relief may be granted. (Docket #8). On July 1, 2010, the plaintiff asked for an extension of time to file a response to the defendant's motion (Docket #12), which the court granted on July 9, 2010, allowing Mr. Miller until July 31, 2010 to file a response to the motion to dismiss. (Docket #13). However, Mr. Miller, to date, has still not filed any response to the defendants' motion to dismiss. As the court cannot have this case linger any further on the docket, the court will now address the defendants' motion.

The plaintiff's complaint alleges that, while incarcerated at the Prairie Du Chien Correctional Institution, the defendants failed "to provide proper medical

treatment," such as providing the plaintiff with back surgery. (Compl. at 3). Mr. Miller also alleges in his complaint that the defendants refused to allow him to use proper bathroom facilities while incarcerated. *Id.* The plaintiff requests in his complaint "punitive" and "compensatory" damages in the amount of eight million dollars. *Id.* at 6.

To survive a 12(b)(6) motion to dismiss, the plaintiff's complaint must only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[1] *Iqbal,* 129 S. Ct. at 1949. When the plaintiff's allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not satisfy the minimal pleading burden of Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1950.

---

[1] The court is also guided by the Seventh Circuit recent synthesis of the Supreme Court's case law on Fed. R. Civ. P. 12(b)(6):

> "So, what do we take away from *Twombly, Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The defendants raise several legitimate problems with the plaintiff's complaint. The defendants note that the Wisconsin Department of Corrections and its divisions are not suable entities because, as an agency of the state of Wisconsin, the Department of Corrections "enjoys the state's Eleventh Amendment immunity from federal lawsuits." (Def.'s Br. 4) (citing to *Arndt v. Wisconsin Department of Corrections,* 972 F. Supp. 475, 477 (W.D. Wis. 1996)). The defendants' argument comports with the case law, as: (1) the plaintiff has only requested monetary relief for the alleged violations of his constitutional rights that he suffered; and (2) the Wisconsin Department of Corrections is immune from such a suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). Moreover, the state is not a suable person under 42 U.S.C. § 1983, the only plausible statute that the plaintiff could sue in federal court with respect to his current claims. *Will,* 491 U.S. at 66-67, 71. Accordingly, the court will dismiss the plaintiff's claim against the Department of Corrections and its Bureau of Health Services.

Nonetheless, Mr. Miller's complaint was not only filed against the Wisconsin Department of Corrections and its Bureau of Health Services, but was also filed against William Grosshans and Marty Ordinans. (Compl. at 2). However, the plaintiff's complaint has not alleged that either Mr. Grosshans or Mr. Ordinans were in any way involved in the alleged constitutional violations Mr. Miller broadly speaks to in his complaint. The court is obliged to conclude that Mr. Miller's complaint fails

to state a claim for which relief can be granted with respect to the remaining defendants and will dismiss the case without prejudice.

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss (Docket #8) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** without prejudice.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge